IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ZACHARY MCELDERRY,<br><br>                Defendant. | 8:24CR24<br><br>GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE |

The United States of America, by and through Joseph P. Meyer, Special Assistant United States Attorney, respectfully submits this Memorandum in Aid of Sentencing.

Defendant Zachary McElderry pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine. There is no plea agreement. A prior conviction enhances the mandatory minimums to 15 years in prison and 10 years of supervised release.

The Revised Presentence Investigation Report (RPSR) calculated the Total Offense Level as 37 and Criminal History Category IV, resulting in a guideline imprisonment range of 292 to 365 months. McElderry has objected to both sentencing enhancements. (Filing No. 32). The United States has responded. (Filing No. 38).

McElderry also asks for a variance. (Filings No. 35 and 36). The United States adopts the RPSR. The United States asks the Court to impose a sentence of 292 months.

**I.    Facts and Circumstances of the Offense**

The facts and circumstances of the offense are thoroughly described in the response to defendant's objections (Filing No. 38, pp. 2-8). To summarize, defendant Zachary McElderry arranged to sell three pounds of methamphetamine to a confidential informant at a gas station in Omaha. Instead, a DEA tactical unit moved in to arrest him. McElderry escaped from the officers

and drove recklessly for more than three miles before ditching his vehicle with a blown tire. Along the way, someone jettisoned eight pounds of methamphetamine from McElderry's vehicle. Another two pounds of meth was found inside the disabled vehicle.

As described in the response to defendant's objections, the United States intends to prove by a preponderance of evidence that McElderry knowingly fled from law enforcement and discarded a loaded handgun near a group of apartment buildings after his reckless driving and before his arrest.

II.     **History and Characteristics of the Defendant**

Defendant is 35 years old. He has been involved with the juvenile justice and criminal justice systems most of his life. It started when he was six years old for a stolen firearm when he was with a couple 12 years olds. (RPSR at ¶ 40). When McElderry was 14 years old, he was caught driving a stolen car. (Id. at ¶ 42). This was his first of three documented instances before this case where McElderry fled from a traffic stop. (Id. at ¶¶ 42, 45, 51).

McElderry has adult convictions for theft, unauthorized use of a vehicle, receiving stolen property, possession of a controlled substance, possession of marijuana, obstruction, possession with intent to distribute methamphetamine, and possession of a firearm while committing a felony. (Id. at ¶¶ 44-52). McElderry admitted to prior involvement in a street gang. (Id. at ¶ 56). McElderry's prior conviction for methamphetamine trafficking involved about a quarter pound, a handgun, and a rifle. (Id. at ¶ 52). He was sentenced to 12 years in 2018 and released from prison in April 2023. (Id.)

III.     **Response to Defendant's Motion For Variance (Filing No. 35)**

McElderry argues for a variance for many reasons. First, he cites his addiction to meth. Next, McElderry argues his prior sentences did not give due consideration to his need for

rehabilitation or support after incarceration. McElderry also recounts his childhood, including drug and addiction problems suffered by his family and his placement in foster care when he was a teenager.

McElderry argues that he was "an addict who would combine drug orders with associates to be able to afford his addition" and thus "he was not a profiteer or high-level dealer." No matter the words McElderry wants to use, he was involved in substantial methamphetamine dealing. Even if it were only brokering deals to afford his use, McElderry had access to pound quantities of methamphetamine. This was above and beyond a street dealer. It was also more than the quarter pound he was caught with in 2017, which is an amount more typically possessed by a dealer distributing to support personal use. McElderry's drug dealing was substantial and has escalated.

McElderry also gives a thorough explanation of the Nebraska state court sentencing structures and the impact those sentences have on the sentences to be served in Nebraska's prisons. Through defense counsel's work in examining court records, McElderry shows that he was ineligible for parole in every one of this prior state prison terms. And because he was not eligible for parole, McElderry argues he was not eligible for prison programming. However, there is not much evidence from McElderry's criminal history to suggest he would have done well on parole if he had been afforded the opportunity. His first trip to state prison involved multiple instances of committing crimes while a felony charge was pending. He has reoffended quickly and frequently every time he has been released from prison. The state court judges were aware of this history.

McElderry is not a victim of an overly harsh state criminal justice system. To the contrary, the record suggests he has received his fair share of leniency. Despite running from police during a traffic stop, stealing property from a vehicle, stealing a Jeep, and using someone else's credit cards while a residential burglary case was pending, McElderry's first stint in state prison was for

3

only 15 months. (RPSR at ¶¶ 44-47). When McElderry was sent back to prison, for stealing more cars and after fleeing from police again, it was for four and a half years. (Id. at ¶ 51). His third stint in prison, for meth dealing and firearms possession less than a year after being released, amounted to only a slight increase of just about five years. (Id. at ¶ 52). McElderry's first and third trips to state prison were not overly punitive. They could even be classified as lenient.

Of course, an addiction can be an underlying cause of crime. But addiction does not excuse crime nor lessen its impact on the community. Further, addiction does not cause someone to flee from police, join a street gang, possess weapons, nor discard a loaded gun near a row of apartment buildings.

The Court should deny McElderry's request for variance.

## IV. An Appropriate Sentence

The court shall impose a sentence sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a)(2). In determining the particular sentence to be imposed, the court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1) & (2).

No matter his precise role, McElderry had access to a significant quantity of meth. McElderry's criminal history shows he cannot remain law abiding in the community for even a year between trips back to prison for new serious offenses. This case will mark his fourth trip to

prison overall and the second for meth. The drug quantity in this case is significantly higher than the quantity in his last meth case, a concerning sign of escalation.

The Sentencing Guidelines appropriately consider the drug weight in this case. The Guidelines also appropriately enhance the offense level because of the added risk of McElderry recklessly fleeing from law enforcement and his possession of a firearm while engaged in drug dealing. Along with being his fourth prison sentence, this is also McElderry's fourth time coming before a court for sentencing after running away from law enforcement. Such a situation is astounding and deserves a sentence within the appropriately calculated guidelines range.

This Court should impose a sentence of 292 months.

DATED this 12th day of November, 2024.

                    UNITED STATES OF AMERICA
                    Plaintiff

                    SUSAN T. LEHR
                    United States Attorney

                    *s/Joseph P. Meyer*
By:  JOSEPH P. MEYER #26151
      Special Assistant U.S. Attorney
      1620 Dodge Street, #1400
      Omaha, Nebraska 68102-1506
      Tel: (402) 661-3700
      Fax: (402) 345-5724
      Joseph.Meyer2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record.

                    *s/Joseph P. Meyer*
                    JOSEPH P. MEYER
                    Special Assistant United States Attorney