IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>ZACHARY MCELDERRY,<br><br>                    Defendant. | 8:24CR24<br><br>MEMORANDUM<br>AND ORDER ON<br>INITIAL REVIEW |

On August 21, 2024, defendant Zachary McElderry ("McElderry") pleaded guilty without a plea agreement to knowingly and intentionally possessing "with intent to distribute 500 grams or more of a mixture or substance containing" methamphetamine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l). A few months later, the Court sentenced him to 250 months imprisonment, to be followed by 10 years of supervised release (Filing No. 45). McElderry did not appeal his conviction or sentence.

Before the Court is McElderry's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 50). He contends his "[s]entence is unconstitutional because [he] did not receive effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution." In particular, he contends his counsel was ineffective for failing to (1) perfect his requested appeal, (2) request a downward departure at sentencing based on the distinction between methamphetamine (actual) and a methamphetamine mixture, (3) object to an improper three-level adjustment in his presentence investigation report, and (4) object to the assignment of points for convictions committed before he was twenty-five.

McElderry has also moved (Filing No. 52) the Court to appoint counsel to assist him with his § 2255 motion. In support, he states the issues he raises are complex, he has

limited access to a law library and the records in his case, and he is "unable to afford Counsel due to his Federal Sentence."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to promptly review McElderry's § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion." *Id.* Otherwise, it must order the United States Attorney to respond to the motion or "take other action the [Court] may order." *Id.*; *see also* 28 U.S.C. § 2255(b).

After careful review, the Court finds that McElderry's motion and the record in this case do not plainly demonstrate that he "is not entitled to relief" on his ineffective-assistance claims. Accordingly, the Court will order the government to answer or otherwise respond to his motion.

At the same time, the Court does not find sufficient reason to appoint counsel to represent him in these circumstances. As McElderry acknowledges, he does not have a general right to appointed counsel to assist with his § 2255 motion. *See* 28 U.S.C. § 2255(g); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Of course, the Court may appoint counsel for an indigent defendant if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (describing the factors courts consider in exercising their discretion). But the Court sees no glaring injustice in declining to appoint counsel at this stage. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (finding no abuse of discretion in refusing to appoint counsel where the defendant "clearly demonstrated at least a threshold ability to articulate his claims, and [was] capable of self-representation in this matter").

The Court will revisit the issue when it decides whether an evidentiary hearing is necessary to resolve McElderry's ineffective-assistance claims. *See* Rule 8(c), Rules

2

Governing Section 2255 Proceedings for the United States District Courts; *cf. Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition.").

Based on the foregoing,

IT IS ORDERED:

1. The government shall answer or otherwise respond to defendant Zachary McElderry's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 50) on or before November 25, 2025.
2. McElderry's Motion to Appoint Counsel (Filing No. 52) is denied.

Dated this 24th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge