IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>ZACHARY MCELDERRY,<br><br>               Defendant. | 8:24CR24<br><br>GOVERNMENT'S ANSWER TO DEFENDANT'S MOTION FILED UNDER 28 U.S.C. § 2255 |

Comes Now, the Plaintiff, United States of America, by and through the undersigned Special Assistant United States Attorney and responds to Zachary McElderry's ("McElderry") Motion to Vacate filed under 28 U.S.C. § 2255 (Filings No. 50-51, hereafter "§ 2255 motion"). This is McElderry's first motion under 28 U.S.C. § 2255.

The government denies McElderry's claims for relief with the exception of his claim counsel failed to file an appeal. Additional information is needed before the government can definitively respond to this issue. See Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Court.

**RELEVANT PROCEDURAL HISTORY**

A federal grand jury sitting in the District of Nebraska returned a one-count indictment against Zachary McElderry, charging him with possession with intent to distribute 500 grams or more of methamphetamine. (Filing No. 13). An Information of Prior Convictions was filed, advising McElderry that based on a prior conviction, he faced an enhanced sentence. (Filing No. 20).

McElderry pleaded guilty, without a plea agreement, to the charge in the Indictment. (Text Minute Entry No. 27). The Revised Presentence Investigation Report (RPSR) assessed a pair of

two-level enhancements to the offense level (possession of a firearm and reckless endangerment during flight) and calculated the advisory Guidelines range for imprisonment at 292 to 365 months. McElderry objected to RPSR, specifically the application of the two enhancements, and also moved for a downward variance. (Filings No. 32, 35). In the motion for variance, McElderry requested a sentence at the mandatory minimum of 180 months. (Filing No. 36, pp. 1-2). Through a nine-page brief accompanying the motion for variance, McElderry recounted his familial history of addiction, his adolescence spent in foster care, that his previous sentences served in Nebraska state prison afforded him no opportunity for parole, and his positive character. (Filing No. 36).

At a sentencing hearing, this Court granted in part and denied in part McElderry's objections to the presentence report and overruled McElderry's motion for a downward variance. (Text Minute Entry No. 40). The Court sentenced McElderry to 250 months' imprisonment to be followed by 10 years of supervised release.

**ARGUMENT**

An evidentiary hearing is required to resolve McElderry's claim that counsel failed to file an appeal. The other claims, however, can be denied. The record shows that McElderry's counsel zealously advocated for him at sentencing, ultimately requesting a sentence at the mandatory minimum. Counsel successfully lowered the advisory Guidelines range through an objection to the presentence report. Counsel also moved for a variant sentence based upon McElderry's troubled childhood, the risk factors that developed from that, and because he had never before been afforded the opportunity at parole to aid his rehabilitation. The Court disagreed with the request for a variance and imposed the sentence it deemed appropriate. Defense counsel making different arguments at sentencing would not have changed the outcome.

2

The right to effective assistance of counsel is guaranteed by the Sixth Amendment. McMann v. Richardson, 397 U.S. 759, n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must (1) show that counsel's representation fell below "an objective standard of reasonableness under "prevailing norms of practice" and (2) "affirmatively prove prejudice" by showing there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 693-94 (1984). The first prong requires a defendant demonstrate his attorney acted unreasonably under prevailing professional norms and in light of all of the circumstances, and "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 688, 689. "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Harrington v. Richter, 562 U.S. 86, 111 (2011). Related to the second prong, "[t]he likelihood of a different result must be substantial, not just conceivable." Id. at 112. Both prongs of the Strickland test must be met in order for an ineffective assistance of counsel claim to succeed. Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). The Court may address the prongs in any order. Smith v. Robbins, 528 U.S. 259, 286 n. 14 (2000).

"The burden of proving ineffective assistance of counsel rests with the defendant." United States v. White, 341 F.3d 673, 678 (8th Cir. 2003) (citing, United States v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 1984 (1984)). "A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983).

## ANSWERS TO PETITIONER'S ALLEGATIONS

**I.  An evidentiary hearing is required to address McElderry's claim that he instructed counsel to file an appeal.**

McElderry asserts that he informed counsel that he wished to file a Notice of Appeal, supported by a "declaration" he has made attached to his § 2255 motion and brief. This is not enough to meet his burden that he directed counsel to file an appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) ("[a] bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact finder finds to be more credible indicates the contrary proposition"). The record at this point does not conclusively establish whether McElderry asked defense counsel to file a notice of appeal. This Court must therefore evaluate the credibility of McElderry and his counsel. Under Eighth Circuit precedent, this credibility determination requires a hearing. See United States v. Sellner, 773 F.3d 927, 929-30 (8th Cir. 2014). If McElderry is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and he will be entitled to file an out-of-time appeal. Id. at 930.

**II.  McElderry's claim that counsel was ineffective for failing to move for a downward departure based on a policy reason based on differing treatment of methamphetamine under the Guidelines fails under both prongs.**

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" through claims of ineffective assistance of counsel. McLaughlin v. Precythe, 9 F.4th 819, 827 (8th Cir. 2021). Counsel filed a motion for variance and asserted multiple reasons why McElderry should receive a sentence below the Guidelines range. (Filing No. 36). Counsel also successfully objected to the presentence report, lowering the advisory Guidelines range that McElderry faced at sentencing. Counsel strategically chose other ways to

attack the calculated Guidelines range and other individualized reasons to request a sentence below the calculated Guidelines range.

Counsel also requested a sentence at the mandatory minimum based upon individualized factors. The result would not have been different based upon a policy argument. McElderry has failed to establish his counsel provided ineffective assistance or that he was prejudiced by that representation on this issue. This Court should deny McElderry's claim for relief.

### III. McElderry's third claim fails as a matter of law because the amount of time served is not controlling when determining criminal history points

McElderry confuses multiple issues in his third claim. He mentions a "serious violent felony," a statutory enhancement, but the complained-of sentences were not the basis for his statutory enhancement. McElderry also argues a conviction increased his offense level by three. This is incorrect. Rather, the complained-of convictions resulted in three criminal history points, not a three-level increase in offense level. Under any analysis, McElderry's claim fails because the actual time served is not relevant under the Guidelines. "[C]riminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2, Application Note 2. Because McElderry's argument fails, it cannot be ineffective assistance of counsel for failure to raise it. McElderry's offense level was not raised by a conviction and the criminal history points for the complained-of conviction were calculated properly.

### IV. Counsel was not ineffective in failing to move for a departure based on age because counsel moved for a variance based on the same or similar reasons.

McElderry alleges that counsel was ineffective for not moving for a departure based upon age. McElderry alleges that his counsel should have highlighted his placement in a foster home because of parental drug use which led him to develop his own addiction. McElderry also notes that six of his nine criminal history points were accumulated from convictions he received before

5

he was 25 years old. However, counsel included the facts about his childhood in the motion for variance, including the timing of his previous criminal behavior and his aging out of the foster care system. (Filing No. 36, pp. 2-4). Counsel also highlighted that McElderry's prior sentences did not afford him an opportunity at parole or prison programming. (Id. at pp. 4-5) The chosen method of argument – variance vs. departure – cannot be ineffective assistance of counsel. The facts of McElderry's childhood, the risk factors that developed from his childhood, and the circumstances of his prior convictions were laid before the Court at sentencing via a motion for variance. The Court heard them, considered them, and overruled the motion. Even if they were presented through a different legal mechanism, departure instead of a variance, they would have similarly failed. McElderry has failed to establish his counsel provided ineffective assistance or that he was prejudiced by that representation on this issue. This Court should deny McElderry's claim for relief.

WHEREFORE, the United States respectfully submits this Court should deny Zachary McElderry's Motion to Vacate under 28 U.S.C. § 2255 as to all grounds except his claim his counsel failed to file a notice of appeal at his request. This Court should receive further evidence regarding this claim at an evidentiary hearing as required by Eighth Circuit precedent.

                                         UNITED STATES OF AMERICA,
                                         Plaintiff

                                         LESLEY A. WOODS
                                         United States Attorney
                                         District of Nebraska

                                         s/ Joseph P. Meyer
                                         JOSEPH P. MEYER, #26151
                                         Special Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record.

      I further certify that a true and correct copy of the foregoing was delivered to the following non CM/ECF participant by placing same in the U.S. Mail, properly addressed and postage prepaid this 25th day of November, 2025.

Mr. Zacharie McElderry
Reg. No. 98929-510
FCI - Leavenworth
PO Box 1000
Leavenworth, KS 66048

                                                    s/ Joseph P. Meyer
                                                    JOSEPH P. MEYER
                                                    Special Assistant United States Attorney