IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY MCELDERRY,<br><br>Defendant. | **8:24CR24**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on defendant Zachary McElderry's ("McElderry") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 50). For the reasons stated below, McElderry's motion is denied, and no certificate of appealability will issue.

## I.    BACKGROUND

In February 2024, McElderry was arrested on federal drug-trafficking charges (Filing Nos. 1, 3, 12). At his request, the Court appointed the Federal Public Defender for the District of Nebraska to represent him (Filing Nos. 6, 7, 10). At his initial appearance, Assistant Federal Public Defender Yvonne D. Sosa ("Sosa") and Criminal Justice Act attorney Oluseyi Oladipo Olowolafe ("Olowolafe") appeared on his behalf.

Though McElderry initially pleaded not guilty, on August 21, 2024, he filed a petition to change his plea (Filing No. 29). After an extensive plea colloquy, the Court accepted McElderry's guilty plea to one count of possessing "with intent to distribute 500 grams or more of a mixture or substance containing" methamphetamine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l). He did not have a plea agreement.

Before sentencing, McElderry objected (Filing No. 32) to two United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") enhancements in his revised

presentence investigation report ("RPSR").  He also moved (Filing No. 35) for a downward variance under 18 U.S.C. § 3553(a).

At sentencing on November 14, 2024, the Court sustained McElderry's objection to application of the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon but overruled the other.  The Court also denied his motion for a downward variance.  Based on the amended Guidelines range and a careful analysis of the § 3553(a) factors, the Court sentenced McElderry to 250 months imprisonment, followed by 10 years of supervised release (Filing No. 45).  He did not appeal his conviction or sentence.

On October 22, 2025, McElderry timely moved *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing his "[s]entence is unconstitutional because [he] did not receive effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution."  *See* U.S. Const. amend. VI; *Lee v. United States*, 582 U.S. 357, 363 (2017) ("The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012))).  More specifically, he asserts his counsel were ineffective for failing to (1) perfect his requested appeal and consult with him about his appeal, (2) request a downward departure at sentencing based on the distinction between methamphetamine (actual) and a methamphetamine mixture, (3) object to a three-level adjustment in his RPSR, and (4) object to the assignment of points for convictions committed before he was twenty-five years old.

In resisting McElderry's § 2255 motion, the government conceded that "[a]n evidentiary hearing is required to resolve [his] claim that counsel failed to file an appeal."  To that end, the Court appointed counsel to assist McElderry with that hearing (Filing Nos. 53, 57), which it held on June 2, 2026.  *See* 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts;

*Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition.").

McElderry, Sosa, and Olowolafe all testified at the hearing. McElderry acknowledged that the Court apprised him of his right to appeal at sentencing. He testified that shortly after receiving that notice, he briefly asked Sosa while they were still seated at counsel table if she could file an appeal. According to McElderry, she said she would get back to him. He estimated the entire discussion took fifteen seconds before he was quickly taken into custody.

In contrast, Sosa and Olowolafe both denied that McElderry ever asked Sosa to file an appeal. As for McElderry's remaining claims, Sosa testified she strategically focused on other arguments that she determined would be more likely to succeed.

After hearing the live testimony and argument from counsel on both sides, the Court took the matter under advisement. The Court now renders its decision.

## II.     DISCUSSION

### A.     No Deficiency

Section 2255 authorizes McElderry to raise his ineffective-assistance claims. *See Strickland v. Washington*, 466 U.S. 668, 686, 689-94 (1984); *Hudson v. United States*, 139 F.4th 1011, 1014 (8th Cir. 2025). But § 2255 "does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

To state a claim for ineffective assistance of counsel, McElderry must establish that his counsels' "representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Lee*, 582 U.S. at 363 (quoting *Strickland*, 466 U.S. at 688); *see also Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (requiring proof of deficiency and prejudice). Prejudice is presumed if McElderry can establish that his

counsel failed to file an appeal when asked to do so. *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015); *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required."). McElderry cannot get past *Strickland*'s first prong on any of his claims. *See Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013) (explaining that failing "to establish either prong is fatal").

To start, the Court finds Sosa's and Olowolafe's testimony regarding McElderry's purported request for an appeal more credible than McElderry's contrary testimony. "It is well settled that '[a] bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Burnett v. United States*, 125 F.4th 912, 916 (8th Cir. 2025) (alterations in original) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). In these circumstances, Sosa's and Olowolafe's certainty that no such conversation occurred between Sosa and McElderry at the hearing is more persuasive than McElderry's shifting description of the nebulous conversation he says took place in fifteen seconds just before he was taken into custody. At some points, McElderry indicates he only asked "Sosa if she could put an appeal in" because he thought his sentence was too harsh. At others, he is more adamant that he unequivocally asked her to appeal on that basis. The Court is not convinced.

Turning to McElderry's claims that his counsel should have made different arguments at sentencing, the Court finds he again fails to prove their performance was deficient. *See Strickland*, 466 U.S. at 687 (explaining counsel's performance is deficient if they "made errors so serious that [they were] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"); *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (requiring "a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment"). To the contrary, Sosa gave a reasonable

4

explanation for choosing some sentencing arguments over others—she feared her stronger arguments would lose force if clouded by weaker ones.  Her strategy was to lower the advisory Guidelines range with her best arguments and seek a sentence as close to the fifteen-year mandatory minimum as possible.  *See Strickland*, 466 U.S. at 681, 689 (noting courts must not only give deference to counsel's informed decisions but must also try "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

To a large degree, her strategy paid off.  *See Harrington v. Richter*, 562 U.S. 86, 111 (2011) ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy.").  By focusing on two specific sentence enhancements, she was able to reduce McElderry's advisory Guidelines range from 292-365 months to 235-293 months and focus on his criminal history as part of her motion for a downward variance.  The Court ultimately denied that motion, but as a result of Sosa's arguments, McElderry's 250-month sentence was well below the bottom of his original Guidelines range.  *See United States v. Sera*, 267 F.3d 872, 875 (8th Cir. 2001) (concluding the defendant failed to show deficiency where his counsel succeeded "in obtaining a significant reduction in his sentence" by employing a "sound strategy to avoid the risk of diverting the court's focus from" counsel's strongest sentencing argument).  Such strategic decisions are the essence of the art of effective advocacy.  *See Strickland*, 466 U.S. at 681, 690-91 (explaining that "strategic choices . . . based on professional judgment" and "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" because effective "advocacy is an art and not a science"); *Calkins v. United States*, 795 F.3d 896, 898 (8th Cir. 2015) (finding counsel's strategic choice at sentencing was effective assistance).

### B.    No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), McElderry must obtain "a certificate of appealability" before he can appeal this Court's denial of his ineffective-assistance claims.  *Accord* Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To

5

get one, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  That requires him to "demonstrate that reasonable jurists would find the [Court's] assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Having carefully reviewed McElderry's motion and supporting materials, the Court finds he has not made that showing.  Therefore, no certificate will issue.

In light of the foregoing,

IT IS ORDERED:

1.  Defendant Zachary McElderry's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 50) is denied.

2.  The Court will not issue a certificate of appealability.

3.  A separate judgment will issue.

Dated this 24th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge